IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| HOLLY JEAN KOHN,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | No. C 13-4003-MWB<br><br>**ORDER REGARDING REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) from Magistrate Judge Leonard Strand, filed on September 26, 2013 (docket no. 15). In the R&R, Judge Strand recommends that I affirm a decision by the Commissioner of Social Security (the Commissioner) denying the plaintiff, Holly Kohn (Kohn), disability benefits and supplemental security income under the Social Security Act. Kohn timely filed objections to the R&R on September 30, 2013 (docket no. 16), and the Commissioner filed a response on October 1, 2013 (docket no. 17). For the reasons discussed below, I adopt the recommendations in the R&R and affirm the Commissioner's decision.

Judge Strand made three primary findings in his R&R, all of which support his recommendation that I affirm the Commissioner's decision to deny Kohn benefits. Specifically, Judge Strand found: (1) that the administrative law judge (ALJ) properly discounted the credibility of Kohn's, and her husband's, subjective testimony; (2) that the ALJ properly discounted the opinion of Dr. Krohn, one of Kohn's treating physicians, in favor of the opinions of both examining, and non-examining consultative

physicians; and (3) that, given the findings above, the ALJ's hypothetical question to the vocational expert (VE) properly accounted for Kohn's proven impairments.

In response to the R&R, Kohn ostensibly makes four objections: (1) Dr. Krohn's opinion should have been given more weight; (2) if Dr. Krohn's opinion were given more weight, then Kohn's and her husband's testimony would have support, and would thus become credible; (3) if Dr. Krohn's opinion, and Kohn's and her husband's testimony, were accepted, then the ALJ's hypothetical questions to the VE would become incomplete; and (4) the case should be remanded out of "deference" to Dr. Krohn (docket no. 16, at 4). But all of these so-called objections collapse into a single contention: Kohn thinks that Dr. Krohn's opinion should have been given more weight, which would have changed the outcome of the administrative hearing. I will analyze this contention below.

## II. ANALYSIS

I review *de novo* the portions of the R&R to which Kohn objects. 28. U.S.C. § 636(b)(1). After reading Kohn's brief, it is clear that all of Kohn's claims stem from her argument that the ALJ should have given Dr. Krohn's opinion controlling weight. On January 20, 2011, Dr. Krohn provided an opinion letter in which

> he listed Kohn's symptoms as depression, fatigue, memory problems, decreased attention and learning disability, along with residual effects of her prior injuries. AR 339. He then stated an opinion that Kohn is limited to no heavy lifting, no long periods of time sitting or standing and that she would never be capable of completing any kind of work for even as much as ten hours per week. *Id.*

Report and Recommendation 19 (docket no. 15). The ALJ gave Dr. Krohn's opinion little weight. Judge Strand summarized the reasons why, and found that they were sufficient to discount Dr. Krohn's opinion:

> In deciding to give this opinion little weight, the ALJ found that Dr. Krohn's treatment notes "stand in direct contrast" to his opinion. AR 22. In particular, the ALJ noted that Dr. Krohn's treatment notes for July 2, 2010, state that "she certainly does not seem to be impaired" and he does not believe she is qualified for disability benefits. AR 325. The ALJ found nothing in Dr. Krohn's treatment notes between that date and January 20, 2011, that could explain his substantial change of position. AR 22. Indeed, the ALJ commented that the record contains no evidence of treatment by Dr. Krohn in January 2011, or at any other time after July 2010. *Id*.
>
> Additional evidence was later submitted to the Appeals Council showing that Kohn did see Dr. Krohn or his nurse practitioner on several occasions between July 2010 and January 2011. AR 4, 31, 437-49. The Appeals Council found this additional evidence did not provide a reason to change the ALJ's decision. AR 1-2. I agree. Nothing in the later-submitted treatment notes even arguably explains why Dr. Krohn's opinion changed diametrically between July 2010 and January 2011. The intervening visits involved a series of mostly-minor complaints and/or medication reviews and adjustments. AR 437-49. Kohn usually saw the nurse practitioner, not Dr. Krohn himself. *Id*. The treatment notes do not reflect that Kohn's symptoms and limitations significantly changed during this period of time. *Id*.

Report and Recommendation 19-20 (docket no. 15).

Strangely, Kohn does not challenge any of these reasons for the ALJ discounting Dr. Krohn's opinion. She does not argue that any of these reasons are improper. She does not assert that these reasons are unsupported in the record, nor does she point to other evidence in the record supporting Dr. Krohn's opinion. Instead, Kohn cites to a number of factually dissimilar cases and claims that "the appropriate remedy is to remand the case where the medical opinion of the treating doctor is in question and not

3

to deny the claim based upon a credibility finding as to the doctor" (docket no. 16, at 7). Essentially, Kohn asks for a "do-over" in front of the ALJ because Dr. Krohn's "opinions deserve a chance to be fully expressed" (docket no. 16, at 8).

Kohn does not get a do-over simply because she does not like the ALJ's conclusion. Kohn has already had a full hearing at which the ALJ considered Dr. Krohn's medical records and his resulting opinion. The ALJ had good reasons for finding that Dr. Krohn's records did not support his opinion. Kohn does not challenge those reasons. She simply wants Dr. Krohn to "expand upon his opinion" in hopes that the ALJ's conclusion would change (docket no. 16, at 8). Taking Kohn's argument to its logical conclusion, courts could never affirm an ALJ's decision to discount a treating doctor's opinion. We would just perpetually remand cases for ALJs to consider "expanded" opinions from treating doctors. That result, like Kohn's argument, is absurd.

Ironically, Judge Strand noted that Dr. Krohn *did* have the chance to expand upon his January 20, 2011, opinion in this case:

> Dr. Krohn submitted a letter in January 2012, after the ALJ's decision was issued, in which he attempted to explain the inconsistency. AR 452-53. The letter was made part of the record during the Appeal's Council's review of the ALJ's decision. AR 6. Dr. Krohn stated that the opinion he expressed in July 2010 was based on a misunderstanding. AR 452. He further acknowledged, however, that he was wrong to have stated in January 2011 that Kohn could not perform work of any kind. *Id*. He explained that he had "felt it was important to defend her in this difficult time." *Id*. Dr. Krohn did not include additional treatment notes, test results or clinical findings with his letter of January 2012. I find that the January 2012 letter does not explain the obvious inconsistency identified by the ALJ. If anything, Dr. Krohn's admission that he overstated Kohn's impairments in the January 2011 opinion based on a desire

4

> to "defend her in this difficult time" provides an additional reason to discredit that opinion.

Report and Recommendation 20 n.4 (docket no. 15). I agree with Judge Strand. Dr. Krohn's January 2012 letter bolsters, rather than refutes, the ALJ's decision to discount Dr. Krohn's opinion.

Judge Strand found that the ALJ provided good reasons for discounting Dr. Krohn's opinion. Because Kohn does not challenge the substance of the R&R, but rather asks for another shot with the ALJ, I agree with the R&R and affirm the ALJ's decision to deny Kohn benefits.

### III. CONCLUSION

For the reasons discussed above, I adopt the recommendations in the R&R and affirm the Commissioner's decision. The Clerk shall enter judgment in favor of the Commissioner and against Kohn.

**IT IS SO ORDERED**.

**DATED** this 30th day of December, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA